IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN C. HAYES                                                                                     PETITIONER

v.                                          Case No. 6:20-cv-06059

DEXTER PAYNE, Director,                                                                        RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Steven C. Hayes ("Hayes"). On May 20, 2020, Hayes filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Payne filed a response on July 7, 2020. ECF No. 8. This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. This matter is now ripe for consideration.

Hayes's sole claim is that the Saline County Circuit Court did not have jurisdiction to accept his guilty pleas because the report of the court-ordered mental evaluation had not been received by the court before he entered his pleas. ECF No. 1 at 4. This claim does not present a federal question this Court can address. The subject-matter jurisdiction of state courts is an issue of state law, and it is well-settled law that any allegation that the trial court lacked jurisdiction is not cognizable on federal *habeas* review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (recognizing "federal habeas corpus relief does not lie for errors of state law"); *see also Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994) (holding "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law").

Further, the Arkansas state courts have ruled specifically on Hayes's claim of lack of jurisdiction in this case. In Hayes's appeal of the denial of his state habeas corpus petition, the Arkansas Supreme Court held:

1

> Hayes's claim that the circuit court lacked subject-matter jurisdiction is one that falls within the scope of habeas. However, the circuit court was vested with subject-matter jurisdiction of the criminal matter, and Hayes's claim that the circuit court was divested of jurisdiction due to the lack of a forensic report [mental evaluation] at the time of the proceeding fails. An error in a plea proceeding is not a jurisdictional defect. Hayes's argument does not demonstrate that the circuit court lacked subject-matter jurisdiction to continue to preside over his case. Hayes's argument is instead a claim of trial error that does not affect the circuit court's jurisdiction.

*Hayes v. Kelley*, 2020 Ark. 79, 3–4 (2020). Thus, the Arkansas Supreme Court has addressed, as a question of state law, the issue of state trial court jurisdiction to accept Hayes's guilty plea, and it decided the matter adversely to Hayes.

Accordingly, the Court finds the allegations raised in the Petition fail to state a claim upon which *habeas* relief can be granted and recommends Hayes's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** in its entirety.[1] Further, the Court finds no evidentiary hearing is required. *See Brown v. Lockhart,* 781 F.2d 654, 656 (8th Cir. 1986). The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 31th day of August 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Respondent did not address the timeliness of the instant Petition, and the Court does not make any findings in that regard.