IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN C. HAYES                                                                                         PETITIONER

v.                                            Civil No. 6:20-cv-06059

DEXTER PAYNE                                                                                         RESPONDENT
*Director, Arkansas Department of Correction*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Hayes's Motion for Leave to Appeal *In Forma Pauperis.* ECF No. 24.  Petitioner has filed this Motion in conjunction with this Court's denial of his Petition under 28 U.S.C. § 2254.  Petitioner is in custody and has filed an affidavit of indigency.  Petitioner is clearly without assets or funds and should be allowed to proceed *in forma pauperis.*

However, before Hayes may appeal the denial of his 28 U.S.C. § 2254 motion, a certificate of appealability must issue.  The Court construes the instant Motion (ECF No. 24) and the Notice of Appeal (ECF No. 23) as containing a Request for Certificate of Appealability.[1]  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c)(2), which provides that a certificate of appealability may issue only if the applicant has made a "substantial showing of the denial of a constitutional right."  This requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal citation and quotations omitted).

---

[1] While no specific request was made by Petitioner for a Certificate of Appealability, the Clerk of Court docketed a "Text Only Motion for Certificate of Appealability" in this matter.  *See* ECF No. 25.

In the present matter, the issues raised in the 28 U.S.C. § 2254 motion were carefully considered. For the reasons discussed in the Court's previously-issued Report and Recommendation (ECF No. 9), as adopted by Untied States District Judge Robert T. Dawson (ECF No. 22), the Court concludes that he has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Therefore, the Court should decline to issue a certificate of appealability or grant the motion for leave to proceed *in forma pauperis* on appeal.

It is recommended this Court **DENY** the Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 24) and the Motion for Certificate of Appealability (ECF No. 25).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 8th day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE